IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00011-PAB-MEH

WILLIAM MONTGOMERY,

    Plaintiff,

v.

BRETT COHN, and
TREVOR CUAZ,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendants' Motion to Dismiss ("Motion"). ECF 32. Plaintiff brings this lawsuit against Defendant Segreant Cohn and Defendant Deputy Cuaz (collectively, "Defendants"), police officers for Arapahoe County Sheriff's Office, pursuant to 42 U.S.C. § 1983 for violations of his Fourth Amendment rights. Defendants move for dismissal on the basis of qualified immunity. Based upon the record herein and for the reasons that follow, the Court respectfully recommends that the Motion be **granted.**

## BACKGROUND

    For the purposes of this ruling, the Court accepts as true the factual allegations—as opposed to any legal conclusions, bare assertions, or conclusory allegations—that Plaintiff raises in his Complaint. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (accepting as true a plaintiff's factual allegations for purposes of Fed. R. Civ. P. 12(b)(6) analysis). Plaintiff alleges that on January 4, 2020, he entered a Walmart Super Store to go shopping. ECF 1 at ¶ 5. After paying for his items, he was stopped by a Walmart employee at one of the stores exits and asked

to produce a receipt. *Id.* ¶ 7. Plaintiff refused and proceeded to another store exist, where he was stopped again by a Walmart employee. *Id.* ¶ 7, 8.  Another Walmart employee then escorted Plaintiff to the store's loss prevention office and contacted the Arapahoe County Sheriff's Office, believing that Plaintiff may not have paid for his items. *Id.* ¶¶ 8, 9.

After Defendants arrived at the store, Defendant Segreant Cohn approached Plaintiff and asked for his identification, which he provided. *Id.* ¶¶ 10, 11. Defendant Segreant Cohn then asked the Walmart employees who had escorted Plaintiff to the loss prevention office if Plaintiff had a receipt for his items.  *Id.* ¶ 11. The Walmart employee said "no." *Id.* Defendant Segreant Cohn proceeded to ask Plaintiff nine times to produce a receipt for his items. *Id.* Plaintiff did not respond. *Id.* "[T]ak[ing] [his silence] as a no," Defendant Segreant Cohn told Plaintiff that he would be cited for shoplifting. *Id.* ¶ 12.

Defendant Segreant Cohn then reached for Plaintiff's items, and Plaintiff responded "[t]hat's my stuff." *Id.* Defendant Segreant Cohn then told Defendant Deputy Cuaz "he doesn't want to let us take his stuff, so we need to put him in cuffs." *Id.* Defendant Deputy Cuaz placed Plaintiff in handcuffs and patted him down. *Id.* ¶ 13. During the pat down, Defendants discovered a receipt in Plaintiff's pocket and determined that Plaintiff had purchased some of the items in his possession, but not others. *Id.* ¶¶ 13, 15. Concluding their investigation, Defendants issued Plaintiff a written summons for theft and complaint for shoplifting. *Id.* ¶¶ 16, 17. Defendants removed the handcuffs from Plaintiff and returned some of his items. *Id.* Walmart took possession of the merchandise determined to be stolen. *Id.* ¶ 17.  Later, the Arapahoe County District Attorney dropped all charges against Plaintiff and requested that the remaining items be returned to Plaintiff. *Id.* ¶ 18.

**LEGAL STANDARDS**

**I.      Fed. R. Civ. P. 12(b)(6)**

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–80. Second, a court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, then the claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements

of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

**II.     Treatment of a Pro Se Plaintiff's Complaint**

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [A] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interprets this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). That does not mean, however, that a court should "assume the role of advocate for the pro se litigant." *Id.*; *see also*

4

*Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) ("we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded" (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989))).

## ANALYSIS

Plaintiff's Complaint brings claims against Defendants for violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983. He claims that his arrest was unlawful, lacking arguable probable cause. Further, he claims that the subsequent search of his person and seizure of his belongings were unjustified. Defendants seek dismissal of the claims against them on the basis of qualified immunity.

### I.   Qualified Immunity

Public officials like Defendants are entitled to qualified immunity so long as their conduct does not violate another's clearly established constitutional rights. *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012). It is an entitlement not to stand trial or face the other burdens of litigation. *Ahmed v. Furlong*, 435 F.3d 1196, 1198 (10th Cir. 2006) (internal quotations and citations omitted). "When a defendant raises the qualified-immunity defense, the plaintiff must . . . establish (1) the defendant violated a federal statutory or constitutional right and (2) the right was clearly established at the time of the defendant's conduct." *Ullery v. Bradley*, 949 F.3d 1282, 1289 (10th Cir. 2020). The Supreme Court in *Pearson v. Callahan* emphasized that courts have the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." 555 U.S. 223, 236 (2009); *see also Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009). The Court begins with determining whether Defendants' conduct violated a clearly established right.

## II. A Clearly Established Right

"A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Reichle v. Howard*, 566 U.S. 658, 664 (2012)). "We have held that, for a right to be clearly established, 'there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.'" *Cortez v. McCauley*, 478 F.3d 1108, 1114 (10th Cir. 2007) (quoting *Medina v. City of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992)). Moreover, "existing precedent must have placed the statutory or constitutional question beyond debate." *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016). "This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). In this vein, the Court has "repeatedly told [lower] courts . . . not to define clearly established law at a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) (citation omitted). Specificity is particularly important in the Fourth Amendment context, where courts have recognized that "[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine . . . will apply to the factual situation the officer confronts." *Mullenix*, 577 U.S. at 12 (quoting *Saucier*, 533 U.S. at 205).

## III. Unlawful Arrest Absent Arguable Probable Cause (Third Claim)

"The Supreme Court has identified three general types of encounters between citizens and the police: (1) consensual encounters; (2) investigative detentions; and (3) arrests." *United States v. Garcia*, 459 F.3d 1059, 1062–63 (10th Cir. 2006) (quoting *United States v. Hishaw*, 235 F.3d 565, 569 (10th Cir. 2000)). Here, an arrest occurred. *See* ECF 1 at ¶¶ 12-14, 26-27. A warrantless arrest is constitutional only if it is supported by probable cause. *A.M. v. Holmes*, 830 F.3d 1123,

6

1138 (10th Cir. 2016). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Id*. (quotation omitted). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Ultimately, all that matters is whether the officer possessed knowledge of evidence that would provide probable cause to arrest the individual on *some* ground." *Holmes*, 830 F.3d at 1139 (quotation omitted) (emphasis in original).

As to whether the law was clearly established at the time of the alleged violation, a Section 1983 plaintiff must show that "it would have been clear to a reasonable officer that probable cause was lacking under the circumstances." *Kaufman v. Higgs,* 697 F.3d 1297, 1300 (10th Cir. 2012) (quotation omitted). Under this standard, if there was "*arguable* probable cause" for the arrest, the defendant is entitled to qualified immunity. *Id*. (quoting *Cortez,* 478 F.3d at 1121) (emphasis added); *see also Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) ("[T]he defendant arresting officer is 'entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest' the plaintiff." (quoting *Hunter v. Bryant*, 502 U.S. 224, 228 (1991))). Thus, an official who reasonably but mistakenly concludes that probable cause is present is entitled to immunity. *A.M. v. Holmes*, 830 F.3d at 1139-40.

Here, Plaintiff argues that Defendants did not have arguable probable cause when they arrested him for shoplifting. Resp. at 1-4. Under nearly identical facts, however, the Tenth Circuit has held that "where the officer personally witnessed some facts supportive of probable cause that the suspect had shoplifted; the officer asked the suspect about it, and the suspect did not deny shoplifting the items in question; and store employees told the officer the suspect had, in fact,

7

stolen the items," the officer had not violated a clearly established law. *Montgomery v. Calvano*, No. 21-1134, 2022 WL 1132212, at *2 (10th Cir. Apr. 18, 2022). While here, the officers did not witness Plaintiff's attempts to exit the store, Defendants did conduct an investigation prior to arresting Plaintiff. *See* ECF 1 at ¶ 11. Before arriving at Walmart, Defendant Deputy Cuaz reported that "[d]ispatch [had] advised that a shoplifting suspect, later identified by his Colorado driver's license as William Montgomery (DOB 070785) was in the security office and was being non-compliant." *Id.* ¶ 17. Walmart employees then told Defendant Segreant Cohn that Plaintiff did not have a receipt for the items. *Id.* ¶ 11. Defendant Segreant Cohn asked Plaintiff at least nine times to produce his receipt for the items in his possession. *Id.* Plaintiff never denied shop lifting and never produced a receipt. *Id.*

Moreover, the case law cited by Plaintiff is insufficient to clearly establish that Defendants lacked probable cause to arrest Plaintiff. First, Plaintiff cites *Cortez v. McCauley*, 478 F.3d 1108, 1119-1121 (10th Cir. 2007) for the proposition that Defendants could not rely on the statements of an individual who has not witnessed the alleged crime for probable cause. However, here, Defendants heard from a Walmart employee who had presumably witnessed Plaintiff's second attempt to leave the store and refusals to produce a receipt. ECF 1 at ¶¶ 8,11. That very employee escorted Plaintiff from the second store exit to the loss prevention office. *Id.* Second, Plaintiff cites *United States v. Hunnicutt*, 135 F.3d 1345 (10th Cir. 1998) and *United States v. Carter*, 985 F.2d 1095, 1097 (D.C. Cir. 1993) for the proposition that Defendants could not rely on Plaintiff's refusal to produce a receipt for probable cause.[1] However, here, the Defendants do not rely on Plaintiff's

---

[1] Plaintiff also cites *United States v. Sterling*, 909 F.2d 1078, 1082 (7th Cir. 1990), but does not explain how the legal conclusions of that court apply to the facts of this case. For example, the full sentence quoted by Plaintiff is "[h]aving invited one to depart from their presence, officers cannot use such departure as the single additional event that ripens their preexisting concerns to the 'founded suspicion' that a *Terry* stop requires." There, the court did not address a refusal to produce anything for an officer, much less a receipt after being asked to do so in the context of a shoplifting investigation.

8

refusal to produce a receipt. Mot. at 7. Defendants list at least five other facts alleged by Plaintiff that support a finding of arguable probable cause. *Id.* Third, Plaintiff cites *Minnesota v. Murphy*, 465 U.S. 420 (1984), *Michigan v. Tucker*, 417 U.S. 433, 440 (1974), and *Combs v. Coyle*, 205 F.3d 269, 283 (6th Cir. 2000) for the proposition that Defendants could not rely on Plaintiff's refusal to deny shoplifting for probable cause. However, again, the Defendants do not rely solely on Plaintiff's refusal to deny shoplifting. As the Tenth Circuit has already done with almost identical facts, the Defendants ask the Court to consider Plaintiff's refusal to deny shoplifting as part of the totality of circumstances that support arguable probable cause.

Finally, the primary case law cited by Plaintiff, *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252 (10th Cir. 1998), has already been distinguished from facts very similar to the facts of this case by this District. *See Montgomery v. Calavano*, No. 19-cv-00387-PAB-MEH, 2020 WL 9160870 (D. Colo. June 3, 2020), *report and recommendation adopted*, No. 19-cv-00387-PAB-MEH, 2021 WL 973389, at *10 (D. Colo. Mar. 15, 2021), *aff'd*, No. 21-1134, 2022 WL 1132212 (10th Cir. Apr. 18, 2022) (finding "[a]lthough *Baptiste* . . . contemplate[s] probable cause in the context of shoplifting arrests, there are important factual distinctions between the circumstances in those cases and the instant case and, thus, [it] would put a reasonable officer on notice that he lacked probable cause to arrest Plaintiff. In *Baptiste*, the officers arrested the plaintiff on the statements of store employees despite the plaintiff's assertion of her innocence and her production of the receipt."). Absent a case on point (which the Court independently could not find), it is not clearly established that Defendants lacked arguable probable cause in this case. Hence, they are entitled to qualified immunity on Plaintiff's third claim. The Court recommends granting Defendants' Motion to Dismiss as to that claim.

9

### IV. Unreasonable Search and Seizure Absent Arguable Reasonable Suspicion (First & Second Claims)

Plaintiff also claims that Defendants did not have reasonable suspicion to seize his property nor a basis to search his person. To that point, Plaintiff cites two cases, *Montgomery v. Cruz*, No. 20-cv-03189-PAB-MEH, 2022 WL 765877 (D. Colo. Mar. 14, 2022), *appeal dismissed*, No. 22-1123, 2022 WL 13631874 (10th Cir. May 19, 2022) and *Knowles v. Iowa*, 525 U.S. 113 (1998). Both cases are distinguished from the facts of the present case. In *Montgomery v. Cruz*, the arresting officers searched the plaintiff's person *before* handcuffing and arresting him. 2022 WL 765877 at *5. Here, Defendants searched the Plaintiff's person *after* arresting him. *See* ECF at ¶13. In *Knowles v. Iowa*, 525 U.S. 113, 118 (1998), the Court found no need for authority to search incident to an arrest for the issuing of a traffic citation because all relevant evidence had already been obtained. Here, Defendants had not obtained all relevant evidence prior to searching Plaintiff's person. *See* ECF 1 at ¶ 13. The receipt, which Defendants found when they searched Plaintiff's person, was a critical piece of evidence. *Id.* ¶¶ 13, 15 It formed the basis for returning some items to Plaintiff and the Defendants' initial determination that other items were stolen. *Id.* ¶¶16, 17.

The Court is mindful of the Tenth Circuit's admonition that a plaintiff bears the burden of citing to clearly established law. *See Thomas v. Durastanti*, 607 F.3d 655, 669 (10th Cir. 2010). The cases following this requirement typically involve plaintiffs who are represented by counsel. *See, e.g.*, *Gutierrez v. Cobos*, 841 F.3d 895, 903 (10th Cir. 2016); *Rojas v. Anderson*, 727 F.3d 1000, 1005-06 (10th Cir. 2013); *Smith v. McCord*, 707 F.3d 1161-62 (10th Cir. 2013). However, the Tenth Circuit has reversed a trial court's dismissal of a *pro se* plaintiff's excessive force claim—where the trial court found the plaintiff had failed to identify a case demonstrating his right was clearly established—by itself pointing to a Supreme Court case sufficiently like the facts

alleged and finding the plaintiff's right was clearly established. *See Ali v. Duboise*, 763 F. App'x 645, 651-52 (10th Cir. 2019). Therefore, the Court has conducted an additional inquiry to determine whether the relevant law was clearly established as of the dates of these events and has found no authority concluding that an officer who searches a person and seizes their property incident to an arrest violates the Fourth Amendment. Absent this clearly established law, Defendants are entitled to qualified immunity. For this reason, the Court recommends granting Defendants' Motion to Dismiss as to Plaintiff's first and second claims.

**V.      No Leave to Amend**

Dismissal of a case is a harsh remedy, and a pro se litigant's pleadings are to be construed liberally. As a general rule, therefore, a court may give such a litigant the opportunity to amend the complaint to cure a pleading defect. *Hall*, 935 F.2d at 1109-10; *Reynolds v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). However, a court may dismiss a complaint without an opportunity to amend if "it is patently obvious that plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile." *Curly v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110). Here, the dismissal of Plaintiff's claims does not stem from any pleading deficiency or any oversight in Plaintiff's allegations. Rather, the Court finds, as a matter of law, that Defendants are entitled to qualified immunity for lack of clearly established law. No amendment by Plaintiff would remedy that. Accordingly, Plaintiff's claims should be dismissed with prejudice.

## CONCLUSION

Plaintiff fails to point to any controlling law, nor is there any clear weight of authority from other jurisdictions, which would indicate to Defendants that it is a clearly established violation of a constitutional right to arrest a person for shoplifting when they have refused to produce a receipt for items, refused to deny that they shoplifted, and when an employee stated that they did not have a receipt for the items. Plaintiff also fails to allege a person's clearly established right to be free from the search their person and seize their property incident to an arrest. Accordingly, for the reasons stated herein, the Court respectfully recommends **granting** Defendants' Motion to Dismiss [filed August 19, 2022; ECF 32]. The Court further recommends that such dismissal should be with prejudice.[2]

Entered this 7th day of December, 2022 at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).