IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 22-cv-00011-PAB-MEH

WILLIAM MONTGOMERY,

    Plaintiff,

v.

BRETT COHN, and
TREVOR CUAZ,

    Defendants.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 46]. The Recommendation addresses Defendants Sergeant Cohn and Deputy Cuaz's Motion to Dismiss Plaintiff's Complaint [Docket No. 32]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**I.    BACKGROUND**[1]

The facts are set forth in the magistrate judge's recommendation, Docket No. 46 at 1-2, and the Court adopts them for the purposes of ruling on the objections. On January 4, 2022, William Montgomery filed his complaint bringing three claims for Fourth Amendment violations under 42 U.S.C. § 1983 against Sergeant Brett Cohn and Deputy Trevor Cuaz for 1) unreasonable search; 2) unreasonable seizure; and 3) unlawful arrest. Docket No. 1 at 10-14. Defendants filed a motion to dismiss all claims

---

[1] The Court assumes that the allegations in plaintiff's complaint are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

based on qualified immunity. See Docket No. 32. On December 7, 2022, the magistrate judge issued a recommendation to grant the motion to dismiss. Docket No. 46 at 1. Mr. Montgomery filed an objection on December 21, 2022. Docket No. 47. Defendants filed a response, Docket No. 50, and Mr. Montgomery filed a reply. Docket No. 51.

## II. LEGAL STANDARD

### A. Objections to Magistrate Judge Recommendations

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

Because Mr. Montgomery is proceeding *pro se*, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B. <u>Motion to Dismiss</u>

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). However, a plaintiff still must provide "supporting factual averments" with his allegations. *Cory v. Allstate Insurance*, 584 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)). Otherwise, the Court need not accept conclusory allegations. *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations

3

and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

### C. Qualified Immunity

"Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  A court should resolve questions of qualified immunity at the earliest possible stage of litigation.  *Anderson v. Creighton,* 483 U.S. 635, 646 n.6 (1987).  However, a plaintiff facing a qualified immunity challenge still does not have a heightened pleading standard.  *Currier v. Doran,* 242 F.3d 905, 916-17 (10th Cir. 2001).

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Thus, to survive a motion to dismiss under Rule 12(b)(6) "where a qualified

immunity defense is implicated, the plaintiff 'must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights.'" *Hale v. Duvall*, 268 F. Supp. 3d 1161, 1164 (D. Colo. 2017) (quoting *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008)).  When a defendant raises the defense of qualified immunity, a "plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (internal quotation marks omitted).  Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case." *Pearson*, 555 U.S. at 236.

### III. ANALYSIS

The magistrate judge recommends granting the motion to dismiss, finding that the defendants are entitled to qualified immunity on all three claims.  Docket No. 46 at 9, 11.  Mr. Montgomery filed a timely objection to the recommendation on December 21, 2022.  *See* Docket No. 47.

#### A. Claim Three – Unlawful Arrest

The magistrate judge recommends that defendants are entitled to qualified immunity on the unlawful arrest claim because it was not clearly established that the defendants lacked arguable probable cause to arrest Mr. Montgomery for shoplifting.  Docket No. 46 at 9.  The magistrate judge resolved Mr. Montgomery's unlawful arrest

5

claim only on the second prong of the qualified immunity analysis. *Id*. at 5, 9. The magistrate judge found that,

> [u]nder nearly identical facts, . . . the Tenth Circuit has held that "where the officer personally witnessed some facts supportive of probable cause that the suspect had shoplifted; the officer asked the suspect about it, and the suspect did not deny shoplifting the items in question; and store employees told the officer the suspect had, in fact, stolen the items," the officer had not violated a clearly established law.

*Id*. at 7-8 (quoting *Montgomery v. Calvano*, 2022 WL 1132212, at *2 (10th Cir. April 18, 2022)). The magistrate judge found that, although the defendants in this case did not witness Mr. Montgomery's attempts to exit the store, the defendants conducted an investigation before arresting him. *Id*. at 8. A Walmart employee told Sergeant Cohn that Mr. Montgomery did not have a receipt for the items. *Id*. Sergeant Cohn asked Mr. Montgomery for his receipt at least nine times, but Mr. Montgomery never produced a receipt or denied shoplifting. *Id*. The magistrate judge found that the case law cited by Mr. Montgomery was insufficient to establish that defendants lacked arguable probable cause to arrest him. *Id*.

Mr. Montgomery asserts four objections to this portion of the recommendation. *See* Docket No. 47 at 1-6, 13-15. First, Mr. Montgomery claims that the defendants lacked arguable probable cause to arrest him because "the simple acts of refusing to answer questions and refusing to consent to searches are legally insufficient factors [alone] to fairly establish probable cause." *Id*. at 4-5. Mr. Montgomery argues that the magistrate judge misconstrued why he cited several cases in his response to the motion to dismiss, including *United States v. Hunnicutt*, 135 F.3d 1345 (10th Cir. 1998), *United States v. Carter*, 985 F.2d 1095 (D.C. Cir. 1993), and *United States v. Sterling*, 909 F.2d 1078 (7th Cir. 1990). *Id*. at 2. Mr. Montgomery also argues that "the act of asking to

6

see a citizen's receipt" creates a "Hobson's Choice" because it compels him to either give up his right to privacy or look guilty.  *Id*. at 2-3.  Mr. Montgomery asserts that "[s]uch totalitarian behavior has been manifestly held by the Court to be unconstitutional, as it is amounts to nothing more than a suspicionless, generalized, 'crime control' checkpoint."  *Id*. at 3  (citing *State v. Smith*, 674 P.2d 562, 564 (Okla. Crim. App. 1984)).

     Mr. Montgomery misconstrues the magistrate judge's analysis.  The magistrate judge did not rely solely on Mr. Montgomery's refusal to produce a receipt or deny the shoplifting allegations when analyzing whether arguable probable cause existed for the arrest.  *See* Docket No. 46 at 7-9.  The magistrate judge considered these two facts as part of the totality of the circumstances that support arguable probable cause, along with the defendants' investigation and the statements from the Walmart employees.  *Id*. at 8-9.  The Court agrees with the magistrate judge's analysis.  The complaint states that dispatch advised the defendants that "a shoplifting suspect" was in the Walmart security office and "was being non-compliant."  Docket No. 1 at 9, ¶ 17.  Upon arrival, Sergeant Cohn "began his investigation."  *Id*. at 7, ¶ 11.  One Walmart employee told Sergeant Cohn that Mr. Montgomery did not have a receipt for the merchandise.  *Id*.  Another Walmart employee told Deputy Cuaz that Mr. Montgomery was escorted to the security office after walking past the point of final sale.  *Id*. at 9, ¶ 17.  Sergeant Cohn asked Mr. Montgomery to show his receipt at least nine times.  *Id*. at 7, ¶ 11.  "In response, Plaintiff simply laid mute, exercising both his right to remain silent and his right to not be searched."  *Id*.  The Tenth Circuit has held under similar facts that an arrest of an alleged shoplifter does not violate clearly established law "where the officer

personally witnessed some facts supportive of probable cause that the suspect had shoplifted; the officer asked the suspect about it, and the suspect did not deny shoplifting the items in question; and store employees told the officer the suspect had, in fact, stolen the items." *Calvano*, 2022 WL 1132212, at *2. While, as the magistrate judge noted, the officers here did not personally see Mr. Montgomery's actions before store employees escorted him to the security office, a store employee did inform Sergeant Cohn that Mr. Montgomery had no receipt. *See* Docket No. 46 at 8; Docket No. 1 at 7, ¶ 11.

Mr. Montgomery's citation to an Oklahoma state case does not identify clearly established law because it is not a Supreme Court or published Tenth Circuit decision. *See Bledsoe v. Carreno*, 53 F.4th 589, 607 (10th Cir. 2022) ("To demonstrate that a right is clearly established, a plaintiff must identify an on-point Supreme Court or published Tenth Circuit decision, or show that the clearly established weight of authority from other courts has found the law to be as the plaintiff maintains." (internal quotations omitted)). The Court finds that the magistrate judge correctly concluded that it was not clearly established that defendants lacked arguable probable cause to arrest Mr. Montgomery. The Court therefore overrules Mr. Montgomery's first objection.[2]

Second, Mr. Montgomery contends that the magistrate judge's interpretation of *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252 (10th Cir. 1998), is incorrect. Docket No. 47 at 1-2. Mr. Montgomery argues that the dispositive issue in *Baptiste* was the

---

[2] Mr. Montgomery also argues that defendants' reliance on *Wilder v. Turner*, 490 F.3d 810 (10th Cir. 2007), is misplaced. Docket No. 47 at 4. However, the magistrate judge did not reference *Wilder* in his recommendation. *See generally* Docket No. 46. The Court therefore declines to consider this argument because it is not a proper objection to the magistrate judge's recommendation.

defendants' lack of inculpatory evidence to arrest the plaintiff. *Id*. at 1. He asserts that the Tenth Circuit in *Baptiste* explicitly disregarded plaintiff's explanations as irrelevant to the probable cause analysis. *Id*. at 2. Mr. Montgomery thus argues that his lack of response when questioned about the receipt does not give the defendants probable cause. *Id*. The Court disagrees. The Tenth Circuit in *Baptiste* explicitly considered the plaintiff's assertion of her innocence and her production of receipts when analyzing whether probable cause existed under the totality of the circumstances. *See Baptiste*, 147 F.3d at 1259 ("The other information known to the officers, including the search of Ms. Baptiste's belongings which revealed no stolen merchandise, her production of the receipts for two rings, and her explanation of the events, tended to negate probable cause.").

The Tenth Circuit in *Calvano* already distinguished *Baptiste* on similar facts involving Mr. Montgomery. *See* 2022 WL 1132212, at *2. The Tenth Circuit explained that the officers in *Baptiste* "lacked reasonable grounds 'to believe the shoplifting allegations made by store security guards in light of the conduct recorded on [a] videotape; [the suspect's] explanation; her production of receipts[;] . . . and the search of her bag, purse, and pockets, which revealed no stolen merchandise.'" *Id*. (quoting *Baptiste*, 147 F.3d at 1257). The Tenth Circuit distinguished *Baptiste* from the facts in Mr. Montgomery's case because Officer Calvano investigated the shoplifting allegations, store employees said Mr. Montgomery did not pay for the items, and Mr. Montgomery "refused to rebut this allegation." *Id*. Similarly, in this case, a Walmart employee told Sergeant Cohn that Mr. Montgomery did not have a receipt for the merchandise, Sergeant Cohn asked Mr. Montgomery to show his receipt at least nine

times, and Mr. Montgomery refused to rebut the shoplifting allegation or produce a receipt.  *See* Docket No. 1 at 7, ¶ 11.  Accordingly, there is no error in the magistrate judge's conclusion that *Baptiste* is distinguishable from this case.  *See Calvano*, 2022 WL 1132212, at *2.  The Court overrules this objection.

Third, Mr. Montgomery argues that the Walmart employee did not witness anything resembling a crime.  Docket No. 47 at 5.  Mr. Montgomery states that an employee's observation of a person leaving a store and refusing to produce a receipt is insufficient as a matter of law to establish arguable probable cause.  *Id*. at 6.  Mr. Montgomery argues that a well-trained officer would have followed up on "such a benign report" by asking whether the employee observed any other indications of shoplifting.  *Id*.  Mr. Montgomery argues that generalized crime control checkpoints are patently illegal.  *Id*.  Mr. Montgomery, however, fails to provide any on-point Supreme Court or Tenth Circuit decisions to support these assertions.  *See Carreno*, 53 F.4th at 607.  The Court accordingly overrules this objection.

Finally, Mr. Montgomery argues that *Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423 (10th Cir. 1984), provides clearly established law demonstrating that his arrest was improper.  Docket No. 47 at 14-15.  Mr. Montgomery did not cite *Lusby* in response to defendants' motion to dismiss.  *See generally* Docket No. 41; *see also* Docket No. 47 at 14 ("Plaintiff certainly thought to reference [*Lusby*] in his Response to Defendants' MTD, but did not because it seemed obvious at the time that such an explicit comparison need not be made.").  Arguments raised for the first time in an objection to a magistrate judge's recommendation are waived.  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate

judge's recommendation are deemed waived."); *see also Maurer v. Idaho Dep't of Corr.*, 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished).

Even if the Court considered *Lusby*, the Court would reject Mr. Montgomery's argument. The Tenth Circuit in *Calvano* already distinguished *Lusby* on similar facts involving Mr. Montgomery. *See* 2022 WL 1132212, at *2. The Tenth Circuit stated that, in *Lusby*, "the arresting officers arrived on the scene, 'picked up the [suspects], handcuffed and frisked them and took them to jail without interviewing witnesses or conducting any inquiry to determine whether probable cause existed to arrest them.'" *Id*. (quoting *Lusby*, 749 F.2d at 1430). The Tenth Circuit distinguished *Lusby* because Officer Calvano "personally witnessed Montgomery walk out of the store with unbagged merchandise and no visible receipt. Calvano then investigated the matter by asking both Montgomery and store employees if Montgomery had paid for the cheese. The store employees said he had not, and Montgomery refused to rebut this allegation." *Id*. Similarly, in this case, an employee told Sergeant Cohn that Mr. Montgomery did not have a receipt for the merchandise, Sergeant Cohn asked Mr. Montgomery to show his receipt at least nine times, and Mr. Montgomery refused to rebut the shoplifting allegation or produce a receipt. *See* Docket No. 1 at 7, ¶ 11. Accordingly, *Lusby* does not "squarely govern the present case." *See Calvano*, 2022 WL 1132212, at *2 (citation omitted). The Court therefore overrules this objection.

### B. Claims One and Two – Unreasonable Search and Seizure

The magistrate judge recommends that defendants are entitled to qualified immunity on Mr. Montgomery's unreasonable search and seizure claims because it was not clearly established that an officer who searches a person and seizes his property

11

incident to an arrest violates the Fourth Amendment. Docket No. 46 at 11. Mr. Montgomery objects to this portion of the recommendation. Docket No. 47 at 6.

Mr. Montgomery argues that, because he was never "custodially arrested," the search and seizure cannot be justified as a valid search incident to arrest. *Id*. Mr. Montgomery states that "he was cited and released, on scene, for petty theft. As such, because Defendants did not *actually* transport and book him, they had no lawful right [to] perform a 'search incident to arrest' of him." *Id*. at 9. Mr. Montgomery maintains that a reasonable person in his position would not have considered himself under arrest at the time of the search, but rather would have believed that "only a Terry-style" stop was occurring. *Id*. at 10. Mr. Montgomery argues that the following facts establish that he was not under "full custodial arrest" at the time of the search: "a) he was told that he would be cited on-scene for shoplifting, b) he was actually cited on-scene for shoplifting, c) he was not read any *Miranda* rights, and d) he was neither transported nor booked into the county jail." *Id*. Mr. Montgomery admits he was "undoubtedly handcuffed," but argues that the use of handcuffs did not transform the interaction into a custodial arrest. *Id*.

In response to defendants' motion to dismiss, Mr. Montgomery did not raise these detailed arguments. *See generally* Docket No. 41. In his response, Mr. Montgomery argued that the search was improper because 1) reasonable suspicion did not exist that he was armed and dangerous; and 2) he was not booked into jail. *Id*. at 4-5. The response contains one sentence on the second point:

> because Plaintiff was merely issued a citation by the Defendants (and not custodially arrested by them), their "full field-type" search of him was improper on this basis as well. *See Knowles v. Iowa*, 525 U.S. 113[, 117] (1998) ("[T]he

> threat to officer safety from issuing a [] citation is a good deal less than in the case of a custodial arrest.").

*Id*. at 5.  Arguments raised for the first time in an objection to a magistrate judge recommendation are waived.  *Marshall*, 75 F.3d at 1426; *see also Maurer*, 799 F. App'x at 614 n.1.  As a result, Mr. Montgomery has waived his argument that the search incident to arrest was improper because he was not under arrest at the time of the search.[3]

Even if Mr. Montgomery had properly raised this issue before the magistrate judge, the Court finds that Mr. Montgomery was under arrest.  The "use of firearms, handcuffs, and other forceful techniques generally exceed the scope of an investigative detention and enter the realm of an arrest."  *Cortez v. McCauley*, 478 F.3d 1108, 1115-16 (10th Cir. 2007) (internal quotation and citation omitted).  Courts consider the degree of force used in determining whether the seizure was an investigative detention or arrest, and physical restraint is a "hallmark" factor in determining whether a *Terry* stop was actually an arrest.  *Plascencia v. Taylor*, 514 F. App'x 711, 716 (10th Cir. 2013) (unpublished) (citing *Morelli v. Webster*, 552 F.3d 12, 20 (1st Cir. 2009)).  The complaint states that Sergeant Cohn informed Mr. Montgomery he would be cited for shoplifting.  Docket No. 1 at 7, ¶ 12.  Deputy Cuaz "placed Plaintiff into handcuffs."  *Id*. at 8, ¶ 13.  Once Mr. Montgomery was "in handcuffs, [Deputy] Cuaz patted him down" and emptied his pockets.  *Id*.  The defendants kept Mr. Montgomery in handcuffs while they

---

[3] In his reply, Mr. Montgomery argues that he did not waive this argument because his citation to *Knowles* in the response "incorporated all decisions and arguments that flow from it [] into his [o]bjection."  Docket No. 51 at 7.  The Court disagrees.  Mr. Montgomery did not raise any substantive arguments in his response that he was not under arrest at the time of the search.  *See generally* Docket No. 41.  In fact, Mr. Montgomery's complaint repeatedly states that he was *arrested* by the defendants.  *See* Docket No. 1 at 4-5, 13, ¶¶ 1-3, 26.

conducted additional investigation on scene. *Id.*, ¶ 14. The Court finds that the use of handcuffs under these circumstances constitutes an arrest, not an investigative detention. Accordingly, the Court overrules Mr. Montgomery's objection.

### C. No Leave to Amend

There are no objections to the magistrate judge's recommendation that Mr. Montgomery's claims should be dismissed with prejudice. *See* Docket No. 46 at 11. The Court has reviewed this portion of the magistrate judge's recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985). Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

### IV. CONCLUSION

It is therefore

**ORDERED** that Plaintiff's Objection to the Magistrate Judge's Report and Recommendations [Docket No. 47] is **OVERRULED**. It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 46] is **ACCEPTED**. It is further

**ORDERED** that Defendants Sergeant Cohn and Deputy Cuaz's Motion to Dismiss Plaintiff's Complaint [Docket No. 32] is **GRANTED**. It is further

**ORDERED** that plaintiff's claims are **DISMISSED with prejudice**. It is further

**ORDERED** that this case is closed.

DATED March 3, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge