IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 22-cv-00011-PAB-MEH

WILLIAM MONTGOMERY,

    Plaintiff,

v.

BRETT COHN, and
TREVOR CUAZ,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on plaintiff's Motion for Reconsideration [Docket No. 54]. The Court has jurisdiction under 28 U.S.C. § 1331.

I.     **BACKGROUND**

The Court assumes the parties' familiarity with the background facts and procedural history in this case, which have been set forth in previous recommendations and orders, *see* Docket Nos. 46, 52, and will not be repeated here except to the extent necessary to resolve the present motion.

On December 7, 2022, the magistrate judge issued a recommendation to dismiss plaintiff William Montgomery's claims against defendants Brett Cohn and Trevor Cuaz. Docket No. 46 at 12. Mr. Montgomery filed an objection to the magistrate judge's recommendation. Docket No. 47. On March 3, 2023, the Court overruled Mr. Montgomery's objection; accepted the magistrate judge's recommendation; dismissed Mr. Montgomery's claims for unlawful arrest, unreasonable search, and unreasonable

seizure; and closed the case. Docket No. 52 at 14. On March 6, 2023, the clerk of the Court entered final judgment. Docket No. 53.

On March 31, 2023, Mr. Montgomery filed a motion for reconsideration requesting that the Court reinstate all three claims. Docket No. 54 at 1.[1] Defendants filed a response opposing Mr. Montgomery's motion for reconsideration. Docket No. 62.

## II.   LEGAL STANDARD

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Montgomery's motion for reconsideration pursuant to Rule 59(e) because the motion was filed on March 31, 2023, within twenty-eight days of final judgment. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Specific grounds for reconsideration under Fed. R. Civ. P. 59(e)

---

[1] Mr. Montgomery filed a notice of appeal in this case on the same day he filed the motion for reconsideration. Docket No. 55. On April 3, 2023, the United States Court of Appeals for the Tenth Circuit abated Mr. Montgomery's appeal pending the district court's disposition of the motion for reconsideration. Docket No. 59 at 1. Accordingly, the Court has jurisdiction to rule on the motion for reconsideration.

include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. (citing *Brumark Corp.v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). "A Rule 59(e) motion is not the proper vehicle 'to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" *Sgaggio v. Suthers*, 2023 WL 3055572, at *5 (10th Cir. Apr. 24, 2023) (unpublished) (quoting *Servants of Paraclete*, 204 F.3d at 1012).

### III.   ANALYSIS

Mr. Montgomery requests that the Court reconsider its order to "correct clear error or prevent manifest injustice." Docket No. 54 at 1 (quoting *Servants of Paraclete*, 204 F.3d at 1012). Mr. Montgomery argues that the Court impermissibly dismissed his claims for unlawful arrest, unreasonable search, and unreasonable seizure. *Id*. at 2, 10.

#### A.  Third Claim – Unlawful Arrest

Mr. Montgomery argues that the Court committed a clear error of law in dismissing his unlawful arrest claim because the Court "impermissibly embellished" his refusal to cooperate as "five unique facts" in order to distinguish his case from clearly established law. *Id*. at 10. Mr. Montgomery argues that defendants are not entitled to qualified immunity because Mr. Montgomery's refusal to show a receipt or answer questions does not "furnish the minimal level of objective justification needed for a detention or seizure." *Id*. at 11-13 (quoting *Florida v. Bostick*, 501 U.S. 429, 437 (1991)). Mr. Montgomery cites several cases in support of his argument that defendants are not entitled to qualified immunity, including *Harbin v. City of Albuquerque*, 2006 WL 8444308 (D.N.M. Apr. 11, 2006); *Baptiste v. J.C. Penney Co.*,

3

147 F.3d 1252 (10th Cir. 1998); and *Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423 (10th Cir. 1984). *Id*. at 12-13.

In the order, the Court found that the magistrate judge correctly concluded that it was not clearly established that defendants lacked arguable probable cause to arrest Mr. Montgomery. Docket No. 52 at 8. The Court discussed how

> [t]he Tenth Circuit has held under similar facts that an arrest of an alleged shoplifter does not violate clearly established law "where the officer personally witnessed some facts supportive of probable cause that the suspect had shoplifted; the officer asked the suspect about it, and the suspect did not deny shoplifting the items in question; and store employees told the officer the suspect had, in fact, stolen the items."

*Id*. at 7-8 (quoting *Montgomery v. Calvano*, 2022 WL 1132212, at *2 (10th Cir. April 18, 2022)). The Court noted that, while the officers in this case did not personally see Mr. Montgomery's actions before store employees escorted him to the security office, a store employee did inform Sergeant Cohn that Mr. Montgomery had no receipt. *Id*. at 8. The Court noted that "Sergeant Cohn asked Mr. Montgomery to show his receipt at least nine times" yet the complaint states that "[i]n response, Plaintiff simply laid mute, exercising both his right to remain silent and his right to not be searched." *Id*. at 7 (quoting Docket No. 1 at 7, ¶ 11).[2] The Court explained that Mr. Montgomery's refusal to produce a receipt or deny the shoplifting allegations were "part of the totality of the

---

[2] There is no clear error in the Court's conclusion that Mr. Montgomery refused to deny the shoplifting allegations. The complaint states that Officer Cohn asked plaintiff to show his receipt "at least nine times." Docket No. 1 at 7, ¶ 11. The complaint states, "[i]n response, Plaintiff simply laid mute, exercising both his right to remain silent and his right to not be searched." *Id*. After Officer Cohn informed plaintiff that he would be cited for shoplifting, Officer Cohn "began reaching for Plaintiff's items" and "Plaintiff finally responded by saying, 'That's my stuff, man.'" *Id*., ¶ 12. Plaintiff's complaint admits that he did not deny the shoplifting allegations in response to nine requests from Officer Cohn. *See id*., ¶ 11.

4

circumstances that support arguable probable cause, along with the defendants' investigation and the statements from the Walmart employees." *Id*. Due to the Tenth Circuit's ruling in *Calvano,* a case with very similar facts, the Court finds no clear error in its order dismissing plaintiff's third claim. *See Calvano*, 2022 WL 1132212, at *2.

Furthermore, the Court found that the Tenth Circuit in *Calvano* already distinguished *Baptiste* and *Lusby* on similar facts involving Mr. Montgomery. Docket No. 52 at 9-11. Therefore, *Baptiste* and *Lusby* do not "squarely govern the present case." *See Calvano*, 2022 WL 1132212, at *2 (citation omitted). Finally, Mr. Montgomery's citation to *Harbin*, a District of New Mexico decision, does not identify clearly established law because it is not a Supreme Court or published Tenth Circuit decision. *See Bledsoe v. Carreno*, 53 F.4th 589, 607 (10th Cir. 2022) ("To demonstrate that a right is clearly established, a plaintiff must identify an on-point Supreme Court or published Tenth Circuit decision, or show that the clearly established weight of authority from other courts has found the law to be as the plaintiff maintains." (internal quotations omitted)). As a result, the Court finds no clear error in its order dismissing Mr. Montgomery's unlawful arrest claim.

### B. First and Second Claims – Unreasonable Search and Seizure

Mr. Montgomery argues that the Court committed clear error of law in dismissing his claims for unreasonable search and seizure because the Court misconstrued Mr. Montgomery's objection. Docket No. 54 at 2. Mr. Montgomery argues that he never claimed he was not arrested by defendants. *Id*. at 2. Rather, Mr. Montgomery asserts that the search incident to arrest was improper because he was never transported and booked into jail. *Id*. Mr. Montgomery cites *Knowles v. Iowa*, 525 U.S. 113 (1998), and

numerous state court decisions in support of his argument that the search was improper. *Id*. at 2-10.

In the order, the Court found that Mr. Montgomery waived his argument – that the search incident to arrest was improper because he was never "custodially arrested" – because Mr. Montgomery failed to raise these detailed arguments in response to the motion to dismiss. Docket No. 52 at 12-13. The Court noted that Mr. Montgomery's response to the motion to dismiss contained one fleeting sentence on this argument:

> because Plaintiff was merely issued a citation by the Defendants (and not custodially arrested by them), their "full field-type" search of him was improper on this basis as well. *See Knowles v. Iowa*, 525 U.S. 113[, 117] (1998) ("[T]he threat to officer safety from issuing a [] citation is a good deal less than in the case of a custodial arrest.").

*Id*. (quoting Docket No. 41 at 5). Mr. Montgomery has failed to show why the Court should reconsider his custodial arrest argument in the motion for reconsideration when the Court already found that Mr. Montgomery waived the argument. *See Suthers*, 2023 WL 3055572, at *5 ("Rule 59(e) motion is not the proper vehicle 'to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" (quoting *Servants of Paraclete*, 204 F.3d at 1012)).

Even if Mr. Montgomery had properly raised this issue, the Court agrees with the magistrate judge that *Knowles* does not provide clearly established law. The magistrate judge stated that

> [i]n *Knowles v. Iowa*, 525 U.S. 113, 118 (1998), the Court found no need for authority to search incident to an arrest for the issuing of a traffic citation because all relevant evidence had already been obtained. Here, Defendants had not obtained all relevant evidence prior to searching Plaintiff's person. *See* ECF 1 at ¶ 13. The receipt, which Defendants found when they searched Plaintiff's person, was a critical piece of evidence. *Id*. ¶¶ 13, 15. It formed the basis for returning some items to Plaintiff and the Defendants' initial determination that other items were stolen. *Id*. ¶¶ 16, 17.

6

Docket No. 46 at 10. In *Knowles*, the Supreme Court held that the search incident to arrest exception did not permit an officer to conduct a full search of a car after issuing a speeding citation to a driver. *Knowles*, 525 U.S. at 116-19. The Supreme Court stated that the two historical rationales for the search incident to arrest exception – officer safety and the need to discover and preserve evidence – did not apply to this traffic citation. *Id*. at 116-118. The Court reasoned that there were limited concerns for officer safety during a traffic stop compared to a custodial arrest and there was no need to discover and preserve evidence because "all the evidence necessary to prosecute [the speeding] offense had been obtained" after the defendant was issued a citation. *Id*. The Court agrees with the magistrate judge that *Knowles* does not provide clearly established law for a suspected shoplifting incident, where the suspected shoplifter might possess additional evidence of the crime on his person, including stolen items or receipts. *See* Docket No. 46 at 10. Mr. Montgomery has failed to show that the Court committed a clear error of law in dismissing his claims for unreasonable search and seizure. Accordingly, the Court denies the motion for reconsideration.

## IV. CONCLUSION

It is therefore

**ORDERED** that plaintiff's Motion for Reconsideration [Docket No. 54] is **DENIED**.

DATED May 24, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge